# Langford *v.* The State.

## *Indictment for Rape.*

1. *Rape; admissibility of evidence.*—On the separate trial of one of two defendants jointly indicted for rape, where the woman ravished testified that the defendant being tried committed the offense and that her husband, who was his co-defendant, forced her to submit, it is not competent for her to further testify that two or three weeks before the commission of the

[Langford v. The State.]

offense, her husband told her "he had tried to get a divorce, but did not have sufficient evidence."

2. *Same; same; conspiracy.*—In order to make such evidence admissible on the theory that there was a conspiracy between the defendant and the husband of the woman to force the illicit relation and thereby make evidence in aid of divorce proceedings, it is necessary that it should be shown that the conspiracy was pending at the time of the statement by the husband to the woman.

3. *Same; same.*—In such a case, where it is shown that eight days after the commission of the alleged offense the husband of the woman ravished, who was jointly indicted with the defendant, and two brothers of the defendant tried to get her to go back and live with her husband, but that she refused to go, a statement then made by the woman before the persons present, but in the absence of the defendant, that her husband had brought the brothers of the defendant there for witnesses, for the purpose of getting a divorce, is hearsay evidence and inadmissible.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. A. H. ALSTON.

The appellant, David Langford, was jointly indicted with one Sill Justice for forcibly ravishing Vedie Justice, a woman. There was a severance, and the defendant Langford, the appellant in the present case, was separately tried and convicted and sentenced to the penitentiary for ten years.

On the trial of the case, it was shown that Vedie Justice, the woman ravished, was the wife of Sill Justice, who was jointly indicted with this defendant. The facts relating to the rulings of the trial court reviewed on the present appeal are sufficiently stated in the opinion

SOLLIE & KIRKLAND, for appellant, cited 2 Greenleaf on Evidence, § 233; 1 Greenleaf on Evidence, § 111; *Hall v. State,* 51 Ala. 9; *Owens v. State,* 74 Ala. 401; *McAnally v. State,* 74 Ala. 9; *Browning v. State,* 30 Miss. 656.

CHAS. G. BROWN, Attorney-General, for the State.

[Langford v. The State.]

SHARPE, J.—Defendant was separately tried upon an indictment charging him and one Sill Justice jointly with a rape on Justice's wife. The wife testified that defendant committed the offense and that her husband being present forced her to submit. Against defendant's objection she was allowed to testify that about two or three weeks before that occurrence, Justice, the husband, told her "he had tried to get a divorce but did not have sufficient evidence." In this there was error. In the absence of evidence that defendant was present when this was said, we fail to recognize any principle rendering this testimony admissible. Conceding that a necessity for making evidence in order to procure a divorce might have furnished a motive for the husband's alleged unnatural co-operation in the crime, yet so far as appears it was as to the defendant *res alios acta* and not binding for any purpose. If the theory upon which it was admitted be that there was a conspiracy between Justice and defendant, to force the witness to sexual intercourse and thereby make evidence in aid of divorce proceedings, evidence of a conspiracy pending at the time of the utterance by Justice, must have been adduced, in order to validate his declaration as evidence against the defendant. It is the singleness attaching to conspirators as a body and growing out of a combination in the prosecution of a common design, that founds the principles under which the declarations of one with reference to that design may be attributed to all. The reason fails and the principle is inapplicable where the declarations precede the combination.—3 Green. Ev. (16th ed.), § 94; 2 Whart. Crim. Law, § 406; 6 Am. & Eng. Ency. Law, 867. Evidence that defendant, who is not shown to have had any incentive to promote a divorce, was co-operated with by Justice in perpetrating rape, in itself and without more, could not reasonably have afforded an inference that they had two or three weeks previously entered into a conspiracy to commit the crime.

Mrs. Shields testified that eight days after the alleged offense Sill Justice and two Langfords, brothers of defendant, were at her house talking with her daugh-

ter, Mrs. Justice, and "tried to get her to go back and live with Sill;" that her daughter refused to go and told her husband in the presence of the two Langfords, she would live with him at any other place than the Langford place. She was then against defendant's objection allowed to testify that on that occasion her daughter told her in the presence of her husband and the Langfords, the defendant not being present, that her husband "brought the two Langfords there for witnesses for a divorce." This was a statement of a fact, or opinion, giving color to the theory that the husband was planning to establish grounds for a divorce and tending to increase the probability that there had been a conspiracy with defendant. It was as to the defendant mere hearsay, improper to be used as evidence against him, and was calculated to prejudice his case in the manner stated.

We discover no other error prejudicial to defendant either in the rulings or action of the trial court. The unnumbered refused charge on the subject of reasonable doubt appears to be correct, but in substance, it is embodied in other charges given at defendant's request. The other refused charges were each faulty for reasons which need not be pointed out since the judgment must be reversed for the errors mentioned.

Reversed and remanded.